UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA SANTI,<br><br>                Plaintiff,<br><br>   v.<br><br>HOT IN HERE, INC., VLAD LYUBOVNY, in his individual and professional capacities, and LATAYA EDWARDS, in her individual and professional capacities,<br><br>               Defendants. | Civil Case No.: 1:18-cv-3028 (ER) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

    STATEMENT OF FACTS ........................................................................................ 3

    I.     LEGAL STANDARD. ..................................................................................... 3

    II.    PLAINTIFF'S FLSA AND NYLL RETALIATION CLAIMS ARE FUTILE AS THE COUNTERCLAIMS RAISED BY DEFENDANTS ARE COMPULSORY COUNTERCLAIMS RAISED IN GOOD FAITH AND WITHOUT ANIMUS INTENT. ...................................................... 4

    III.   PLAINTIFF'S NEW YORK LABOR LAW CLAIMS ARE FUTILE BECAUSE THE NYLL PROVIDES FOR A COMPLETE DEFENSE TO PLAINTIFF'S WAGE NOTICE CLAIMS. ............................................ 8

CONCLUSION ......................................................................................................................... 10

52899/0004-16240685v3

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Acito v. IMCERA Grp., Inc.,
  47 F.3d 47 (2d Cir. 1995)...................................................................................................3

Ashley Hicks, et al. v. T.L. Cannon Management Corp.,
  2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018).................................................................9

Baker v. Gold Seal Liquors, Inc.,
  417 U.S. 467 (1974)...........................................................................................................8

Chan v. Reno,
  916 F. Supp. 1289 (S.D.N.Y. 1996)...................................................................................3

CL-Alexanders Laing & Cruickshank v. Goldfeld,
  739 F. Supp. 158 (S.D.N.Y. 1990) ....................................................................................3

Copper v. Cavalry Staffing, LLC,
  132 F. Supp. 3d 460 (E.D.N.Y. 2015) .............................................................................10

Eng-Hatcher v. Sprint Nextel Corp.,
  2008 WL 4865194 (S.D.N.Y. Oct. 31, 2008)....................................................................6

Fei v. WestLB AG,
  2008 WL 594768 (S.D.N.Y. Mar. 5, 2008) .......................................................................7

Gregory v. Stewart's Shops Corp.,
  2016 WL 8290648 (N.D.N.Y. July 8, 2016) .....................................................................9

Jin v. Metro. Life Ins. Co.,
  310 F.3d 84 (2d Cir. 2002).................................................................................................3

Jones v. Ford Motor Credit Co.,
  358 F.3d 205 (2d Cir. 2004)...............................................................................................4

Kreinik v. Showbran Photo, Inc.,
  2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003) ..................................................................7

Milanese v. Rust-Oleum Corp.,
  244 F.3d 104 (2d Cir. 2001)...............................................................................................3

Nat'l Equip. Rental, Ltd. v. Fowler,
  287 F.2d 43 (2d Cir. 1961).................................................................................................8

52899/0004-16240685v3

Nordco, A.S. v. Ledes,
    1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999) ...............................................................4

O'Connor v. Smith & Laquercia, LLP,
    2010 WL 3614898 (E.D.N.Y. Sept. 9, 2010) ............................................................6, 7

Phaneuf v. Tenneco, Inc.,
    938 F. Supp. 112 (N.D.N.Y. 1996) .............................................................................4

Quintero v. Anjudiromi Constr. Corp.,
    2018 WL 1027716 (S.D.N.Y. Feb. 21, 2018) .............................................................9

Rojas v. Splendor Landscape Designs Ltd.,
    268 F. Supp. 3d 405 (E.D.N.Y. 2017) .........................................................................9

Rosas v. Balter Sales Co. Inc.,
    2015 WL 12915807 (S.D.N.Y. Mar. 30, 2015) ...................................................5, 6, 7

S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co.,
    608 F.2d 28 (2d Cir. 1979)..........................................................................................3

Schanfield v. Sojitz Corp. of Am.,
    663 F. Supp. 2d 305 (S.D.N.Y. 2009) .........................................................................5

Torres v. Gristede's Operating Corp.,
    628 F. Supp. 2d 447 (S.D.N.Y. 2008) .........................................................................6

Union Bank of India v. Seven Seas Imports, Inc.,
    727 F. Supp. 125 (S.D.N.Y. 1989) ..........................................................................4, 8

Yankelevitz v. Cornell Univ.,
    1996 WL 447749 (S.D.N.Y. Aug. 7, 1996).................................................................7

**Statutes**

Fair Labor Standards Act ...............................................................................................1, 4, 10

N.Y. Lab. Law § 198 ...............................................................................................................2, 9

**Other Authorities**

Federal Rule of Civil Procedure 13(a) ..................................................................................1, 4

Federal Rule of Civil Procedure 15(a) .....................................................................................3

Defendants, Hot in Here, Inc. ("Hot in Here" or the "Company"), Vlad Lyubovny ("Vlad") and LaTaya Edwards ("LaTaya") (collectively the "Defendants"), by and through their undersigned counsel, Cole Schotz P.C., hereby submit this memorandum of law in opposition to Plaintiff, Christina Santi's ("Santi" or "Plaintiff") motion for leave to file a Second Amended Complaint (the "Second Amended Complaint").

## PRELIMINARY STATEMENT

Plaintiff's Motion is an overambitious attempt to add additional claims to an already repetitive and meritless lawsuit. Plaintiff originally filed this litigation on April 6, 2018 asserting thirteen (13) causes of action based on purported discrimination and wage violations. Now, Plaintiff attempts to file a Second Amended Complaint, asserting new causes of action based on allegedly additional discriminatory and/or retaliatory conduct, and additional wage violations. This time, Plaintiff seeks to assert multiple claims under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") in response to, primarily, Defendants' mandatory assertion of counterclaims under Federal Rule of Civil Procedure 13(a).

Despite the compulsory nature of the counterclaims, Plaintiff contends that Defendants' filing was retaliatory and rooted in animus. Nothing could be further from the truth. The counterclaims seek redress for Plaintiff's breach of her employment contract and misappropriation of company assets. These claims are intrinsically related to Plaintiff's employment, which is the crux of this dispute. Had Defendants not counterclaimed, they would have lost their ability to seek redress as a result of Plaintiff's wrongful conduct. It is certainly a far leap – and in fact contrary to Second Circuit law – to contend that such compulsory counterclaims are retaliatory under state and federal law.

In addition to the retaliation claims, Plaintiff seeks to add claims for alleged additional violations the NYLL. Specifically, Plaintiff contends that the Company failed to pay minimum

wage or provide certain wage notices as required under the NYLL.[1] As with Plaintiff's retaliation claims, the newly asserted wage violations similarly fail as being futile.

At the outset, no explanation is provided as to why Plaintiff did not bring these claims in the first instance. Plaintiff fails to offer any reason as to why she delayed in bringing these claims that she presumably knew of in April 2018 when she filed the Original Complaint. Nevertheless, putting aside the delay in raising the claims, the wage notice claims fail pursuant to the express language of the NYLL. In particular, the NYLL provides a complete defense to wage notice claims when the payment of wages was timely. This is particularly applicable here as Plaintiff has never contended any wages were untimely. This undeniable fact renders the proposed claims meritless. Thus, the wage notice claims will fail as a matter of law.

All told, the causes of action that Plaintiff seeks leave to include in this litigation are futile and will ultimately fail. It is, therefore, ineffective to permit the amendments at this stage of the proceedings. Accordingly, as fully detailed herein, Defendants respectfully request the Court deny Plaintiff's motion for leave to amend.

---

[1] Although Defendants are confident Plaintiff's minimum wage claim will ultimately fail, given the highly factual nature of the claims, Defendants recognize that Plaintiff has passed the futility test and stated a claim that would survive a motion to dismiss. However, Plaintiff's failure to pay minimum wage allegation concerns the time period of November 2011 through December 2012 (See Second Amended Complaint ¶ 39). A large portion of the claim is barred under the NYLL's six-year statute of limitation. See N.Y. Lab. Law § 198 ("Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years."). Thus, this portion of the claim is futile.

**STATEMENT OF FACTS**

At this stage in the proceeding, the factual allegations asserted in the pleadings must be taken as true. In the interest of brevity, a full recitation of the facts is not forth herein. Rather, Defendants respectfully refer the Court to their Counterclaims filed on May 8, 2018 for a recitation of allegations surrounding this dispute.

**ARGUMENT**

**I.    LEGAL STANDARD.**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading only by way of leave of court after a responsive pleading has been served. Ordinarily, a court should grant leave to amend "freely" but "there is a difference between freedom and license. That difference is spelled out in the Rule's next phrase, which mandates that leave be freely given only 'when justice so requires.'" CL-Alexanders Laing & Cruickshank v. Goldfeld, 739 F. Supp. 158, 167 (S.D.N.Y. 1990). It is well-established that leave to amend should be denied when "there is evidence…of futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (same); Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). A proposed amendment is considered futile if it would not survive a motion to dismiss. See Chan v. Reno, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis."); S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.").

3

In addition, Courts recognize that undue delay in raising a motion to amend is a factor when determining whether the motion should be granted. See Union Bank of India v. Seven Seas Imports, Inc., 727 F. Supp. 125, 133 (S.D.N.Y. 1989) ("A motion to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment, or resulting prejudice to the opposing party."); Phaneuf v. Tenneco, Inc., 938 F. Supp. 112, 115 (N.D.N.Y. 1996) ("In instances 'where ... a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his [or her] neglect and delay.'") (quoting Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983), aff'd, 730 F.2d 910 (2d Cir. 1984)).

## II. PLAINTIFF'S FLSA AND NYLL RETALIATION CLAIMS ARE FUTILE AS THE COUNTERCLAIMS RAISED BY DEFENDANTS ARE COMPULSORY COUNTERCLAIMS RAISED IN GOOD FAITH AND WITHOUT ANIMUS INTENT.

Under Fed. R. Civ. P. 13(a), a counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "[T]he [Second Circuit] has long considered this standard met when there is a 'logical relationship' between the counterclaim and the main claim." Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir.2004). A compulsory counterclaim need not have identical facts but, rather, the facts should merely be "logically connected [so] that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. at 209; see also Nordco, A.S. v. Ledes, 1999 WL 1243883, at *5 (S.D.N.Y. Dec. 21, 1999) (stating the "'transaction or occurrence' language of Rule 13(a) requires 'not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them.'") (quoting United Artists Corp. v. Masterpiece Prods., 221 F.2d 213, 216 (2d Cir. 1955)).

52899/0004-16240685v3

Here, each of the Counterclaims asserted by Defendants are compulsory because there is a "logical relationship" between the underlying facts of Plaintiff's complaint and the allegations raised by Defendants. Specifically, Defendants raised counterclaims for: 1) breach of Plaintiff's employment contract; and 2) misappropriation of Company assets. Contrary to Plaintiff's contention, the Counterclaims do not merely relate to Plaintiff's employment generally. (Pl.'s br. pp. 18-22.) Instead, the Counterclaims are intrinsically related to the terms of Santi's employment relationship with the Company, which Santi has alleged was discriminatory in nature. Simply stated, the circumstances surrounding Santi's intentional actions to injure the Company, abuse her position, and her breach of the Confidentiality Agreement—which governed certain terms of her employment – are without question "logically connected" to Santi's affirmative claims about her employment relationship with Defendants. Being compulsory, the counterclaims cannot serve as the basis for a retaliation claim. See e.g. Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 342 (S.D.N.Y. 2009) ("While I can conceive of cases in which being sued would qualify as an adverse employment action, in this case the counterclaims have merit; I can see nothing in Title VII or any other anti-discrimination statute that should prevent an employer from bringing a legitimate claim against a current or former employee simply because that employee has complained about what the employee believes to be discriminatory behavior."); Rosas v. Balter Sales Co. Inc., 2015 WL 12915807, at *12 (S.D.N.Y. Mar. 30, 2015) ("The filing of counterclaims is only actionable as retaliation where the counterclaims are without any merit.").

52899/0004-16240685v3

Plaintiff's attempt to distinguish the cases cited by Defendants in their pre-motion conference submission is unavailing. (See Pl.'s br. pp. 20-22.) Indeed, Plaintiff has entirely disregarded the purpose for which each of those cases was cited.

For instance, both Eng-Hatcher v. Sprint Nextel Corp., 2008 WL 4865194, at *4 (S.D.N.Y. Oct. 31, 2008) and Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008) were cited for the rule of law proscribed – a compulsory counterclaim can be asserted to preclude an employer from losing out on its rights, and those counterclaims are not retaliatory unless it is determined they are "totally baseless." Eng-Hatcher v. Sprint Nextel Corp., 2008 WL 4865194, at *4 (S.D.N.Y. Oct. 31, 2008) ("where an employer seeks to amend a pleading to assert a compulsory counterclaim to avoid the risk of being foreclosed from raising the claim in a subsequent action, that conduct cannot constitute retaliation, unless the counterclaim is "totally baseless.") (quoting Ergo v. Int'l Merch. Servs., Inc., 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007)); Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008) ("Other federal courts have held that a compulsory counterclaim is not actionable for retaliation unless it is totally baseless."). The Counterclaims are not totally baseless because Plaintiff used Company property in connection with her employment with direct competitors. This is an express violation of the Confidentiality Agreement.

Similarly, O'Connor v. Smith & Laquercia, LLP, 2010 WL 3614898, at *9 (E.D.N.Y. Sept. 9, 2010) and Rosas v. Balter Sales Co. Inc., 2015 WL 12915807, at *12 (S.D.N.Y. Mar. 30, 2015) were offered to rebut Plaintiff's claims that Defendants would not have brought their Counterclaims but for Plaintiff's initial filing of the Complaint. For instance, in O'Connor, the court found unpersuasive the plaintiff's argument that the claims brought by the defendant would not have been brought if the plaintiff did not file a lawsuit. O'Connor, 2010 WL 3614898, at *9.

6

Specifically, the court stated: "As [defendant's agent] implies in deposition testimony admitted into evidence, defendants would likely not have sued O'Connor had she not brought the original lawsuit against them. **But, O'Connor did commence an action and defendants did have a potential claim, which, while perhaps not strong enough to justify the costs of an independent lawsuit, could be practically justified as a counterclaim in the context of this suit.**" Id. (emphasis added); accord Rosas, 2015 WL 12915807, at *12 (S.D.N.Y. Mar. 30, 2015) (stating that the Second Circuit considers counterclaims retaliatory only when they are without merit "because the employer may not have brought the claims without first being sued, and particularly persuasive where, as here, the counterclaims are compulsory and would be waived if not brought.").[2]

Putting aside Plaintiff's misguided attempt to distinguish the cases cited in the pre-motion submission, the fact remains that each of the Counterclaims constitute compulsory counterclaims that have a "logical relationship" to the totality of the allegations in Plaintiff's pleading. They are not "without merit" or "totally baseless" and, thus, the retaliation claims are futile.[3] Had

---

[2] Throughout the motion, Plaintiff continuously points the amount of time that elapsed in Plaintiff filing her Original Complaint and the assertion of Counterclaims. This argument should be disregarded. As detailed herein, the claims raised are compulsory and were required to be brought within the time limitations prescribed by Federal Rules of Civil Procedure. Thus, Plaintiff's reference to the "temporal proximity" of the Counterclaims is specious.

[3] None of the cases cited by Plaintiff in support of her position are relevant to this matter. (Pl.'s br. pp. 15-18.) Indeed, each is distinguishable from the facts presented. See Yankelevitz v. Cornell Univ., 1996 WL 447749, at *4 (S.D.N.Y. Aug. 7, 1996) (discussing a counterclaim's viability in the context of a motion to strike affirmative defenses); Kreinik v. Showbran Photo, Inc., 2003 WL 22339268, at *8 (S.D.N.Y. Oct. 14, 2003) (discussing whether a causal connection exists in the context of counter claims brought in response to Title VII claims). Similarly, Plaintiff's citation to Fei v. WestLB AG, 2008 WL 594768, at *3 (S.D.N.Y. Mar. 5, 2008) is distinguishable from the case at bar because there "Plaintiff alleges in his proposed amended complaint that he has suffered harm to his reputation, intimidation, legal costs and delay as a result of the counterclaims." The Court found this allegation was sufficient to allege an adverse employment action. Id. No such allegation is made in the Second Amended Complaint. Rather, Plaintiff merely asserts unspecified

7

Defendants failed to bring these claims, they would have been barred from ever asserting them or seeking the redress they are entitled to because of Plaintiff's actions.  See Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred."); Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961) ("Penalty for failure to assert a compulsory counterclaim is the preclusion of a later assertion of that claim, the purpose of the compulsory counterclaim device being to bring all logically related claims into a single litigation, thereby avoiding a multiplicity of suits.").  Nothing contained herein will demonstrate retaliatory animus and, thus, the relief sought should be denied.

### III.   PLAINTIFF'S NEW YORK LABOR LAW CLAIMS ARE FUTILE BECAUSE THE NYLL PROVIDES FOR A COMPLETE DEFENSE TO PLAINTIFF'S WAGE NOTICE CLAIMS.

Plaintiff filed her Original Complaint in April 2018.  At no time prior to the filing of this motion has Plaintiff raised the wage claims that are asserted now.  The circumstances that exist now, however, are the exact same circumstances that were present at the time of the filing of the Original Complaint.  Thus for this reason alone, the undue delay in bringing these claims warrants the denial of the relief sought.  See Union Bank of India, 727 F. Supp. at 133 ("A motion to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment, or resulting prejudice to the opposing party.").

In any event, not only did Plaintiff delay in bringing the claims, but Plaintiff's claims fail for a much simpler reason: they are barred by a statutorily established affirmative defense.  Despite Plaintiff asserting entitlement to damages with respect to **seventeen** (17) separate causes of action, there is one allegation that is glaringly absent from Plaintiff's repetitive and

---

"damages" that resulted from the purported retaliation.  (See Second Amended Complaint ¶¶ 171, 209).

8

overambitious amended pleading: any allegation that Santi was not timely paid her wages. The absence of this allegation provides for an affirmative defense under New York's Labor Law and renders Plaintiff's wage notice claims futile. Particularly, NYLL 198 states:

> [I]t shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided [a notice of pay rate or a wage statement] or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with [a notice of pay rate or a wage statement].
>
> [N.Y.L.L. § 198 (1-b), (1-d).]

Courts in this Circuit routinely find that the affirmative defense contained in the New York Labor Law is bar to recovery under the wage notice claims. See e.g. Quintero v. Anjudiromi Constr. Corp., 2018 WL 1027716, at *7 (S.D.N.Y. Feb. 21, 2018) (recognizing the availability of section 198's affirmative defense to alleged wage statement violations); Gregory v. Stewart's Shops Corp., 2016 WL 8290648, at *27 (N.D.N.Y. July 8, 2016) (same); Ashley Hicks, et al. v. T.L. Cannon Management Corp., 2018 WL 2440732, at *8 (W.D.N.Y. Mar. 13, 2018) ("In sum, and for the foregoing reasons, the Court finds that the § 198 Affirmative Defense is applicable to Plaintiffs' Wage Notice and Pay Statement Claims and that, if Defendants are ultimately able to show that they otherwise paid all wages due to Plaintiffs, they will not be liable for further damages.").

Here, there is no allegation made that the wages paid were "untimely." This undeniable fact supports the conclusion that Defendants' affirmative defense is viable and renders the amendment to add the wage notice claims futile. Plaintiff's attempt to dispute this reality is unavailing and the cases cited in support are inapposite.

At the outset, Plaintiff's reliance on Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 413 (E.D.N.Y. 2017) should be disregarded as that case was deciding a motion for

summary judgment, not leave to amend where, as here, the allegations fails to account for the affirmative defense permitted under New York laws. (Pl.'s Br. pp. 23.)

Similarly, Plaintiff's citation to Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 467 (E.D.N.Y. 2015) is specious. In Cooper, it was undisputed that employees were provided with wage statements.[4] The issue was whether the wage statements contained all of the information that was required under the statutes. Id. at 467 ("Whether § 195(3) requires an accurate statement of the number of overtime hours an employee actually worked—rather than just a statement of the overtime hours for which the employee is being paid—appears to be a matter of first impression."). That issue is entirely distinguishable from the case at bar – ie: whether the Company failed to provide any wage statement at all and, if so, whether the affirmative defense set forth in the statute precludes any purported violation. Here, not only was Santi an independent contractor (which will be established through discovery) but there is no indication that the wages were untimely.

Accordingly, Plaintiff's wage notice claims are futile and leave to amend should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request Plaintiff's motion for leave to file her Second Amended Complaint be denied. As demonstrated herein, the claims Plaintiff seeks to assert are futile, rendering amendment fruitless.

---

[4] The Court found that the Defendants were "joint employers" under the FLSA and, therefore, permitted the plaintiffs to maintain claims for violations of certain wage laws.

52899/0004-16240685v3

                                          Respectfully submitted,

**COLE SCHOTZ P.C.**
Attorneys for Defendants, Hot in Here, Inc., Vlad Lyubovny, and LaTaya Edwards


By:  */s/ Jed M. Weiss*
        Jed M. Weiss, Esq.
        Arianna Christopher Frankl, Esq.

1325 Avenue of Americas, 19th Floor
New York, New York
Tel.: 212-752-8000
Facsimile: 212-752-8393
jweiss@coleschotz.com
achristopher@coleschotz.com

DATED:  August 24, 2018

11