**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHRISTINA SANTI,

                         Plaintiff,

    – against –

HOT IN HERE, INC., VLAD LYUBOVNY,
and LATAYA EDWARDS

                        Defendants.

**OPINION AND ORDER**

18 Civ. 3028 (ER)

Ramos, D.J.:

    Christina Santi brings the above-captioned action against Hot In Here, Inc., Vlad Lyubovny, and Lataya Edwards (collectively, "Defendants") for failure to pay overtime compensation and for retaliation under the Fair Labor Standards Act ("FLSA"), claims for several violations of New York Labor Law, claims for discrimination and for retaliation under 42 U.S.C. §1981 ("Section 1981"), claims for race and gender discrimination and for retaliation under Title VII, a claim for violation of the Americans with Disabilities Act ("ADA"), and several claims for violations of New York State Human Rights Law ("NYSHRL") the New York City Human Rights Law ("NYCHRL"). Doc. 48.[1] Defendants answered the Complaint and brought counterclaims against Santi for breach of fiduciary duty, negligent misrepresentation,

---

[1] Santi has amended her Complaint three times in this case. The initial complaint, filed on April 5, 2018 alleged violations under FLSA, NYLL, the Family and Medical Leave Act ("FMLA"), NYSHRL, NYCHRL, and Section 1981 for overtime wage violations, gender discrimination, race discrimination, pregnancy discrimination, and retaliation. Doc. 1. On April 23, 2018, Santi filed a first amended complaint as of right and dropped her FMLA claim. Doc. 17. On December 11, 2018, she filed a second amended complaint, with Defendants' consent, and added Title VII and ADA claims for race discrimination, gender discrimination, pregnancy discrimination, and retaliation. Doc. 39. The Court granted Santi leave to file her most recent complaint on January 22, 2019 and she did so the following day. Docs. 46, 48.

breach of contract, and misappropriation. Doc. 49. A Civil Case Discovery Plan and Scheduling Order was entered, and discovery was set to close by September 13, 2019. Doc. 47. Currently before the Court is the parties' joint application for settlement approval, filed November 8, 2019. Doc. 56. For the reasons set forth below, the application is denied.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must "satisfy the Court that their agreement is 'fair and reasonable.'" *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (internal quotation marks omitted) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In *Lopez v. Nights of Cabiria, LLC*—cited with approval in *Cheeks*, 796 F.3d at 206—the court rejected a proposed FLSA settlement because the parties did not provide the basis for the recovery figure and because the settlement included impermissible provisions such as restrictive confidentiality clauses and overbroad releases. 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015). The proposed Settlement Agreement here is deficient for the same reasons as in *Nights of Cabiria*.

The Settlement Agreement provides for a total settlement of $70,000, of which $42,431.67 will be apportioned to Santi and $27,568.33 will be apportioned to attorneys' fees and costs. Doc. 56, Ex. 2 ("Settlement Agreement") ¶ 1. Santi's counsel has estimated her maximum possible recovery for wage claims at $52,403.50. Doc. 56 at 2. The total settlement amount exceeds her maximum possible recovery for wage claims, despite the significant risks Santi would have faced at trial. *Id.* at 3. However, counsel has not explained to the Court how it arrived at this seemingly generous figure. Without information about how the settlement amount was reached, the Court cannot properly assess whether the settlement is fair and reasonable. *See Nights of Cabiria*, 96 F. Supp. 3d 176–77.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). In line with the requirements for FLSA settlement approval in this Circuit, Santi's counsel has submitted billing records detailing the type of work performed and hours logged by each attorney or staff member in this matter so that the Court may calculate reasonable fees under the "lodestar" method. Doc. 56, Ex. 4; *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney." (internal quotation marks and citations omitted)).

Here, Santi's attorneys will retain $26,600, or thirty-eight percent of the total settlement amount. Doc 56 at 5–6. Plaintiff's counsel's lodestar calculation is $163,117.50 and $903.83 in costs, meaning that the requested fees approximate only one-sixth of the lodestar. Doc. 56, Ex. 1 ¶¶ 57, 60. However, "[e]xcept in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Zhang*, 2015 WL 5122530, at *4. Counsel maintains that the requested fees are justified because it was retained on a contingency basis and because it faced the strong possibility that Santi would not recover any damages at all, or that Defendants, who operate a small company, would not be able to pay a potential settlement or judgment. Doc. 56 at 6. The Court does not find that these risks are unique to the case at hand. Furthermore, the Court "strongly believes that, barring unusual circumstances not present here, a fee in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs." *Zhang*, 2015 WL 5122530, at *4. The Court will therefore approve a fee award of $23,333, or thirty-three percent of the settlement award, rather than the requested $26,600, if the total settlement amount is ultimately approved.

Furthermore, "the language of the proposed release[] is far too sweeping to be 'fair and reasonable,'" because "[it] purport[s] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Nights of Cabiria*, 96 F. Supp. 3d at 181. By way of example, under the Agreement, Santi forever releases Defendants "from/for any and all claims (including without limitation, the Claims), suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner, arising out of Plaintiff's employment with the Company or the Litigation." Settlement Agreement ¶ 4. Counsel argues

that such a release is not overbroad because it is limited to Santi's employment or the instant action and that it is justified because Santi also released claims under various federal, state, and city civil rights laws, in addition to FLSA. Doc. 56 at 5. However, a proper release in a FLSA case can only "waive[] claims relating to the existing suit." *Nights of Cabiria*, 96 F. Supp. 3d at 181. In other words, a proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added). The Court will not approve an overbroad release that purports to "erase all liability whatsoever." *Nights of Cabiria*, 96 F. Supp. 3d at 181.

The Agreement also contains an unacceptable non-disparagement clause. Settlement Agreement ¶ 6. "Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Martinez*, 2016 WL 206474, at *1 (internal quotation marks and citations omitted). If it does not, "such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable." *Id.* (internal quotation marks and citations omitted). The non-disparagement clause at issue here does not include the required carve-out.

Finally, the Agreement contains a provision that purports to forever bar Santi from "apply[ing] for employment . . . with Defendants, whether as an employee or independent contractor." Settlement Agreement ¶ 8. This is a "highly restrictive . . . provision[] . . . in strong tension with the remedial purposes of the FLSA." *Cheeks*, 796 F.3d at 206 (internal quotations marks and citations omitted). The Court will not approve an agreement with such a provision.

The Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **December 5, 2019** that explains how the settlement amount was determined, that removes or tailors the release provision and non-disparagement clause as described in this Order, and that does not include a provision forever barring Plaintiff from working with or applying for a position with Defendants; or

2. File a joint letter on or before **December 5, 2019** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: November 21, 2019
New York, New York

Edgardo Ramos, U.S.D.J.