# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by and between, on the one hand, Christina Santi ("Plaintiff"), and, on the other hand, Hot In Here, Inc. (the "Company"), Vlad Lyubovny ("Lyubovny"), and LaTaya Edwards ("Edwards") (collectively, "Defendants"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as "the Parties."  This Agreement is effective as of the date the Court approves the Parties' settlement reflected herein (the "Effective Date").

**WHEREAS**, on April 5, 2018, Plaintiff filed a Complaint captioned *Santi v. Hot In Here, Inc., et al.*, Civil Action No. 1:18-cv-3028(ER) in the United States District Court for the Southern District of New York (the "Litigation");

**WHEREAS**, Plaintiff alleges that Defendants committed wage violations, discrimination, and retaliation in violation of, *inter alia*:

(i) the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, which claims are set forth in Plaintiff's First and Second Causes of Action ("FLSA Claims"); and

(ii) the New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.*; Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981; Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*, which claims are set forth in the Plaintiff's Third through Twenty-First Causes of Action (collectively, the "Non-FLSA Claims");

**WHEREAS**, Defendants deny any and all allegations asserted by Plaintiff;

**WHEREAS**, Defendants allege that Plaintiff engaged in multiple wrongful acts and: (i) breached her fiduciary duty as an employee of the Company; (ii) made misrepresentations to the Company in order to financially benefit; (iii) breached the confidentiality agreement Plaintiff entered during her employment with the Company; and (iv) misappropriated certain confidential information (collectively, the "Counterclaims");

**WHEREAS**, Plaintiff denies any and all allegations asserted by Defendants;

**WHEREAS**, the Parties prepared and signed a settlement agreement in September 2019 (the "September 2019 Agreement") and sought Court approval thereof;

**WHEREAS**, in anticipation of Court approval, Defendants issued initial settlement payments totaling $25,000.00 (the "Pre-Payment");

**WHEREAS**, the Court did not approve the September 2019 Agreement and the Parties agreed that they would attempt to reach agreement on revised terms in an effort to obtain Court approval, and further agreed that the Pre-Payment would be applied to payments due under any Court approved settlement or if approval was ultimately not obtained, the Pre-Payment would be returned to Defendants; and

**WHEREAS**, the Parties wish to resolve and settle any and all disputes and controversies between them relating to their interactions with each other and Plaintiff's employment with Defendants.

**NOW, THEREFORE**, in consideration of the mutual obligations and undertakings of the Parties as set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1. **SETTLEMENT OF PLAINTIFF'S FLSA CLAIMS.**

   A. **Consideration.** As consideration for the terms of Section 1 of this Agreement, and dismissal with prejudice and release of Plaintiff's FLSA Claims, Defendants shall pay Plaintiff the total sum of $35,839.50 (hereinafter the "FLSA Payment"). At the direction of Plaintiff by this Section 1(A), and for Plaintiff's benefit, Defendants shall issue payment of $26,201.75 to Plaintiff ("FLSA Plaintiff Payment"), and $9,637.75 to Plaintiff's counsel ("FLSA Fee Payment").

      i. The Company will issue Plaintiff an Internal Revenue Service ("IRS") Form 1099 for the FLSA Plaintiff Payment.

      ii. The Company will issue Faruqi & Faruqi, LLP an IRS Form 1099 for the FLSA Fee Payment.

      iii. Faruqi & Faruqi, LLP will provide the Company with an IRS Form W-9 from Plaintiff for the FLSA Plaintiff Payment.

      iv. Faruqi & Faruqi, LLP will provide the Company with an IRS Form W-9 from Faruqi & Faruqi, LLP for the FLSA Fee Payment.

   B. **Sole Employment and Full Compensation.** Plaintiff represents that she has not been, and is not now, involved with, engaged, or employed by any of the Defendants or their Affiliates, in any context other than that which is described in and the subject of the Litigation. Plaintiff further represents that Plaintiff views the FLSA Payment not as a compromised sum but, rather, as her total unpaid wages that Plaintiff asserts is due to Plaintiff in connection with her FLSA Claims, or otherwise under or arising from the FLSA, in connection with her employment by any of the Defendants. Defendants dispute that Plaintiff is entitled to the FLSA Payment but makes such payment in the interest of avoiding the expense and disruption of litigation of the FLSA Claims. The term "Affiliates" as used in this Agreement means parent, sister and subsidiary companies, officers, directors,

employees, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, agents, successors-in-interest, and assigns.

C. **Release.**  In consideration of the FLSA Payment, Plaintiff hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases and covenants not to sue Defendants and their Affiliates for the FLSA Claims.  Nothing contained herein shall preclude Plaintiff from seeking enforcement of any provision of this Agreement.

D. **Schedule of Payment.**  The FLSA Payment shall be made in accordance with the below schedule.  All future payments shall be made by check payable as set forth below and delivered to Faruqi & Faruqi, LLP, ATTN: Alex J. Hartzband, Esq., 685 Third Avenue, 26th Floor, New York, NY 10017.

   i. *First Payment*.  Plaintiff acknowledges receipt of the first $14,531.67 of the FLSA Plaintiff Payment, leaving a balance of $11,670.08 due for the FLSA Plaintiff Payment.  Plaintiff also acknowledges receipt by Plaintiff's counsel of the entire $9,637.75 of the FLSA Fee Payment, leaving zero balance due for the FLSA Fee Payment.

   ii. *Second Payment.*  Within two weeks of the Court's entry of an Order dismissing the Litigation and all claims therein *with prejudice* (the "Dismissal with Prejudice") the Company shall complete payment of the FLSA Payment by delivering one (1) check as follows:

      a. One check, representing the balance of the FLSA Plaintiff Payment, and payment in full of the FLSA Payment, made payable to "Christina Santi" in the amount of $11,670.08.

2. **SETTLEMENT OF THE NON-FLSA CLAIMS AND THE COUNTERCLAIMS.**

   A. **Consideration.**  As consideration for the dismissal with prejudice of Plaintiff's Non-FLSA claims, Plaintiff's representations and agreements herein, the release set forth in Section 2 of this Agreement, and all other obligations of Plaintiff under Section 2, and under Section 3 of this Agreement other than relating to the FLSA Claims, Defendants shall pay Plaintiff $34,160.50 (hereinafter the "Non-FLSA Payment").  At the direction of Plaintiff by this Section 2(A), and for Plaintiff's benefit, Defendants shall issue payment of $21,179.51 to Plaintiff ("Non-FLSA Plaintiff Payment"), and $12,980.99 to Plaintiff's counsel ("Non-FLSA Fee Payment").

      i. The Company will issue Plaintiff an Internal Revenue Service ("IRS") Form 1099 for the Non-FLSA Plaintiff Payment.

      ii. The Company will issue Faruqi & Faruqi, LLP an IRS Form 1099 for the Non-FLSA Fee Payment.

3

  iii. Faruqi & Faruqi, LLP will provide the Company with an IRS Form W-9 from Plaintiff for the Non-FLSA Plaintiff Payment.

  iv. Faruqi & Faruqi, LLP will provide the Company with an IRS Form W-9 from Faruqi & Faruqi, LLP for the Non-FLSA Fee Payment.

**B.**   **Sole Employment and Representations.** Plaintiff represents that she has not been, and is not now, involved with, engaged, or employed by any of the Defendants or any of their Affiliates in any context other than that which is described in and the subject of the Litigation. Plaintiff further represents that she is not in possession of any property of Defendants and has either returned to Defendants or destroyed any property of Defendants that was previously in her possession. Plaintiff also represents that she is not now performing services for, being employed by, or submitting content to, any of the Defendants or their Affiliates, and represents that she has no present intention to engage, nor interest in engaging, in such activities. Plaintiff represents and warrants that she will not, and will not attempt to, interact with any of Defendants or any of their Affiliates in any manner which disguises or obscures her identity or involvement. Plaintiff acknowledges that these representations are a material inducement to Defendants entering into this Agreement and settlement of the Litigation. The Parties acknowledge that these representations are not intended to interfere in any way with Plaintiff's right to seek employment with Defendants in the future.

**C.**   **Compromise Settlement.** The Parties acknowledge and agree that the Non-FLSA Payment is being paid in the interests of avoiding the expense and disruption of the Litigation, resolving all claims between the Parties other than the FLSA Claims, including the Non-FLSA Claims and Counterclaims, and in the interests of providing repose for the Parties.

**D.**   **Release.** Except with respect to the FLSA Claims which are addressed in Section 1 of this Agreement, each Party, on behalf of itself and its Affiliates, in consideration of the rights and obligations established in Section 2 and Section 3 of this Agreement, hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully, releases the other Party and its Affiliates from, and covenants not to sue the other Party or its Affiliates for, any and all claims (including without limitation, the Claims and the Counterclaims), suits, actions, damages, charges, demands, judgments, costs and/or fees, whether legal or equitable, known or unknown, from the beginning of time to the Effective Date of this Agreement. Nothing contained herein shall preclude the Parties from seeking enforcement of any provision of this Agreement. Each of the Parties has been made aware of, and understands, the provisions of California Civil Code Section 1542 ("Section 1542"), which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR

HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." To the extent California law governs any aspect of this release, each Party expressly, knowingly, and intentionally waives any and all rights, benefits, and protections of Section 1542.

E. **Schedule of Payment.**  The Non-FLSA Payment shall be made in accordance with the below schedule.  All checks, whether for the Non-FLSA Plaintiff Payment or the Non-FLSA Fee Payment, shall be delivered to Faruqi & Faruqi, LLP, ATTN: Alex J. Hartzband, Esq., 685 Third Avenue, 26th Floor, New York, NY 10017.

   i. Plaintiff acknowledges receipt of the first $830.58 of the Non-FLSA Plaintiff Payment, leaving a balance of $20,348.93 due for the Non-FLSA Plaintiff Payment.

   ii. Within thirty (30) days of the Dismissal with Prejudice, the Company shall deliver two (2) checks:

   a. One check, representing the Non-FLSA Plaintiff Payment, made payable to "Christina Santi" in the amount of $9,759.18; and

   b. One check, representing the Non-FLSA Fee Payment, made payable to "Faruqi & Faruqi, LLP" in the amount of $6,490.50.

   iii. Within ninety (90) days of the Dismissal with Prejudice, the Company shall deliver two (2) checks:

   a. One check, representing the Non-FLSA Plaintiff Payment, made payable to "Christina Santi" in the amount of $10,589.75 and

   b. One check, representing the Non-FLSA Fee Payment, made payable to "Faruqi & Faruqi, LLP" in the amount of $6,490.49.

3. **AGREEMENT TERMS COMMON TO ALL CLAIMS.**

   A. **DEFAULT.**  In the event Defendants fail to tender any payment due under this Agreement within fourteen (14) days following receipt of written notice from Plaintiff of non-payment (a "Default"), the balance of all amounts due and outstanding under this Agreement shall become due and payable immediately. Interest, at a rate of 6% per annum, shall begin to accrue on the first day following a Default.  In the event Defendants fail make full payment of all amounts due under this Agreement within 30 days of a Default, and Plaintiff is forced to initiate a legal proceeding to recover the balance due to Plaintiff and prevails in such legal proceeding, Defendants shall be liable to Plaintiff for all reasonable attorneys' fees and costs she incurs in connection therewith.

B. **TAXATION AND NO TAX ADVICE.**  Plaintiff shall assume the responsibility of remitting to the IRS and any other relevant taxing authorities any and all amounts not otherwise deducted that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, without any contribution whatsoever from Defendants or Faruqi & Faruqi, LLP.  Nothing in this Agreement shall be construed as Defendants or Faruqi & Faruqi, LLP providing any advice regarding the reporting or payment of taxes or the tax consequences of Plaintiff's participation in any portion of this Agreement.

C. **INQUIRIES ON EMPLOYMENT.**  If a current or prospective employer of Plaintiff contacts Defendants seeking an employment reference, Defendants will provide only Plaintiff's dates of employment and positions held and state that it is Defendants' policy not to provide any additional information.

D. **NO ADMISSION OF LIABILITY.**  Nothing contained in this Agreement, or in any document that may be executed in connection herewith, is intended to be or shall be deemed, construed, or treated in any respect as an admission of any fault, wrongdoing, or liability on the part of any of the Parties or their Affiliates.

E. **VOLUNTARY AGREEMENT.**  The Parties represent and warrant that they enter into this Agreement voluntarily, of their own free will, without any pressure or coercion from any person or entity.

F. **ADVICE OF COUNSEL.**  The Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing.  The Parties hereby represent that they have each consulted their respective attorney(s) about the Agreement before signing it.  The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

G. **SCOPE OF AGREEMENT.**  This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior oral and written agreements or understandings related to the subject matter of this Agreement including, for the avoidance of doubt, the September 2019 Agreements.  The terms of this Agreement are all material and neither this Agreement nor any of its terms may be modified except by a writing signed by all Parties.

H. **GOVERNING LAW.**  This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York.

I. **INTERPRETATION OF AGREEMENT.**  The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the Party who

6

prepared the Agreement as all Parties have fully participated in the preparation of all provisions of this Agreement.

J. **INTERPRETATIONS.** Section headings, titles, and/or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions. The Whereas clauses set forth at the outset of this Agreement are incorporated into and a material part of this Agreement.

K. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy or facsimile of the original documents will have the same force and effect as the original.

L. **NO SEVERABILITY.** Each provision of this Agreement is material and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, the entire Agreement shall be invalid, void and unenforceable, and any payments made under this Agreement shall be returned to Defendants.

M. **BREACH OF AGREEMENT.** Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued solely in New York State Supreme Court, New York County. The Parties agree that the laws of the State of New York shall apply, without regard to conflict of laws principles.

*Signature Page Follows*

**WHEREFORE**, the Parties hereto have voluntarily caused this Agreement to be signed on the dates indicated below.

**Christina Santi**

Signature: _/s/ Christina Santi_

Date: March 5, 2020

**Hot In Here, Inc.**

Signature: _____

By: _____

Date: _____

**Vlad Lyubovny**

Signature: _____

Date: _____

**LaTaya Edwards**

Signature: _____

Date: _____

**WHEREFORE**, the Parties hereto have voluntarily caused this Agreement to be signed on the dates indicated below.

**Christina Santi**

Signature: _____

Date: _____

**Hot In Here, Inc.**

Signature: _(signed)_

By: Vlad Lyubovny

Date: 3/6/20

**Vlad Lyubovny**

Signature: _(signed)_

Date: 3/6/20

**LaTaya Edwards**

Signature: _(signed)_

Date: 3/4/20

8

52899/0004-19815858v2