UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINA SANTI,

                Plaintiff,

    – against –

HOT IN HERE, INC., VLAD LYUBOVNY, and LATAYA EDWARDS,

                Defendants.

**ORDER**

18 Civ. 3028 (ER)

Ramos, D.J.:

On November 8, 2019, the parties submitted an application to the Court for preliminary settlement approval.[1]  Doc. 56.  On November 21, 2019, the Court declined to approve the agreement without prejudice because:  (1) the parties failed to adequately describe how the settlement amount was determined; (2) the agreement contained an impermissibly broad release; (3) the agreement contained an impermissible disparagement clause; (4) the agreement contained a provision impermissibly barring Plaintiff from working for Defendants in the future; and (5) the attorney's fees requested exceeded thirty-three percent of the settlement amount.  Doc. 57.

In response to the Court's Order, the parties submitted an amended motion and revised settlement agreement.  Doc. 71.  In their motion, the parties provide adequate justification for the settlement amount.  *Id.* at 5 ("Defendants-Counterclaimants believe that the total settlement amount of $70,000 being in excess of Plaintiff's maximum possible recovery for her unpaid wages and dismissing the Counterclaims against Plaintiff provided a significant incentive for

---

[1] The Court assumes familiarity with the record and its prior Order, which details the facts and procedural history of this case.  *See* Doc. 57.

Plaintiff to agree to the terms Defendants-Counterclaimants wanted."). The parties further clarified that, of the total settlement amount, Plaintiff was to receive $26,201.75 in exchange for the release of her FLSA claims and that this represented 100% of her possible economic damages. *Id.* Further, the revised agreement only releases Plaintiff from the FLSA claims at issue in this litigation, and it contains neither a disparagement clause nor a bar on future employment. Additionally, counsel has adjusted its requested attorney's fees for the FLSA claim to represent only 24.4% of Plaintiff's total FLSA-related payment, or $8,733.92. *Id.* at 6.

Accordingly, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 71, and to close the case.

It is SO ORDERED.

Dated:  April 16, 2020
        New York, New York

_____
Edgardo Ramos, U.S.D.J.